USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/19/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NOREEN BOFFA, as Parent and Natural
Guardian of A.M. and NOREEN BOFFA,
Individually,

                Plaintiff,

-against-

DAVID C. BANKS, in his official capacity as
Former Chancellor of the New York City
Department of Education and the NEW YORK
CITY DEPARTMENT OF EDUCATION,

                Defendants.
------------------------------------------------------------X

23-Civ-7596 (AT)

**JUDGMENT**

**WHEREAS,** Plaintiff Noreen Boffa, individually and on behalf of her daughter A.M., commenced this action in August 2023[1] against Defendants David C. Banks, in his official capacity as former Chancellor of the New York City Department of Education ("DOE") and DOE, alleging violations of the Individuals with Disabilities Education Act (IDEA),[2] asking the Court to: (1) overturn the portion of the decision of the State Review Officer (SRO) that reversed the Impartial Hearing Officer's (IHO's) award of four years of extended eligibility, (2) declare that the International Institute for the Brain ("iBrain"), a private school, was A.M.'s pendency placement for the 2022–23 school year (SY) and require DOE to reimburse her for A.M.'s tuition during that period, and (3) award reasonable attorneys' fees.[3]

**WHEREAS,** the parties cross-moved for summary judgment, [ECF Nos. 36, 45; *see also* Pl. Mem., ECF No. 40; Def. Mem., ECF No. 46; Pl. Opp., ECF No. 49; Def. Opp., ECF No. 53].

**WHEREAS,** on January 29, 2025, the Court issued an Opinion and Order finding that Plaintiff succeeded on all her claims and was entitled to meaningful relief, as she demonstrated

---

[1] *See generally* ECF No. 1. Compl.
[2] 20 U.S.C. § 1400 *et seq.*
[3] *See* ECF No. 1. ¶¶ 25–28.

1

that A.M. was denied a free appropriate public education (FAPE) during the majority of her years as a student; that A.M. is entitled to four years of extended eligibility under IDEA; that pendency placement lies at iBrain for the 2022–23 SY, entitling Plaintiff to tuition and transportation reimbursement for attendance at iBrain from that date forward; and that Plaintiff is entitled reasonable attorneys' fees. [ECF No. 54].

Accordingly, **IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that for the reasons stated in the Court's Opinion and Order dated January 29, 2025, Plaintiff's motion for summary judgment is GRANTED, and the Defendants' motion is DENIED. [ECF No. 54]. The Court finds that A.M. was denied a FAPE from school years 2009–10 through 2021–22 due to the failure of the NYC DOE to recommend vision services. The Court finds that the denial of a crucial resource like vision education services for most of A.M.'s education qualifies as a gross violation of IDEA. As such, the Court awards A.M. compensatory education in the form of extended eligibility for special education services through age 25.

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that A.M.'s then-current educational placement as of July 6, 2022, the date Plaintiff filed her due process complaint for the 2022–23 SY, was iBrain. Accordingly, A.M.'s pendency placement lay at iBrain for the entire 2022–23 SY, and Plaintiff is entitled to tuition and transportation reimbursement from that date forward—tuition and transportation reimbursement for the years this suit remained pending, consistent with the Court's Opinion and Order dated January 29, 2025.

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that under IDEA, the Court, "in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." Such fees "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services

2

furnished." Plaintiff has succeeded on all of her claims and has received meaningful relief. Plaintiff is, therefore, entitled to reasonable attorneys' fees as the prevailing party in this action.

The Clerk of the Court is directed to enter Judgment as set forth above and close this case consistent herewith.

SO ORDERED.

Dated: February 19, 2025
New York, New York

ANALISA TORRES
United States District Judge